**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JPMorgan Chase Bank, NA,          )
                                  )
            Plaintiff,            ) Case No. 1:12-CV-893
                                  )
      vs.                         )
                                  )
Elizabeth Wanke, <u>et al.</u>,        )
                                  )
            Defendants.           )

<u>O R D E R</u>

This matter is before the Court on Plaintiff JP Morgan Chase Bank, NA's motion to remand (Doc. No. 7).  For the reasons that follow, Plaintiff's motion to remand is well-taken and is **GRANTED.**   Additionally, pursuant to 28 U.S.C. § 1447(c), Defendant's trial counsel shall pay Plaintiff's reasonable attorney's fees and costs associated with the motion to remand due to Defendants' objectively unreasonable removal of the case from state court.

Plaintiff JP Morgan Chase Bank, NA ("JPMorgan") filed a complaint for foreclosure against Defendant Elizabeth Wanke in the Butler County Court of Common Pleas.  Because they might have an interest in the property subject to foreclosure, the complaint also named William Wanke and United Guaranty Residential Insurance Company of North Carolina as defendants.  The complaint asserted two state law causes of action: 1) to enforce the promissory note; and 2) to foreclose the mortgage. <u>See</u> Doc.  No. at 2.

On November 19, 2012, Defendants Elizabeth and William Wanke removed the case from state court pursuant to 28 U.S.C. § 1441(b) on the grounds that the case

arises under the laws of the United States.  The notice of removal does not specify what federal statute supposedly provides federal subject matter jurisdiction in this case.

On December 19, 2012, JPMorgan filed the instant motion to remand the case to the state court of common pleas.  In its motion, JPMorgan argues - correctly - that remand is appropriate because no federal cause of action is alleged in its complaint and that, therefore, the Court lacks subject matter jurisdiction over this case.  JPMorgan also argues that Defendants have failed to establish that the Court has diversity jurisdiction over the case.   In opposition, Defendants argue that the Court has subject matter jurisdiction pursuant to the Edge Act, 12 U.S.C. § 632, a contention which is patently frivolous, as explained further below.

Section 1441(a) of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."   The party removing the case from state court bears the burden of establishing federal subject matter jurisdiction.  Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 948-49 (6th Cir. 1994).

JPMorgan correctly argues that Defendants' removal of the case from state court was improper because federal subject matter jurisdiction does not exist.  JPMorgan's complaint asserts only state law claims for enforcement of a note and foreclosure of a mortgage.  These claims do not fall within the Court's federal question subject matter jurisdiction.  See Federal Nat'l Mtg. Ass'n v. LeCrone, 868 F.2d 190, 194 (6th Cir. 1989) ("FNMA's complaint for foreclosure of LeCrone's mortgage raises no federal issues and

2

thus the suit between FNMA and LeCrone does not present a federal question for removal analysis.").   Additionally, as JPMorgan also accurately argues, removal on the basis of diversity of citizenship was improper for at least two reasons.  First, the complaint indicates that the parties likely are not diverse.  Second, Defendants, who are likely citizens of the state of Ohio, cannot remove a case from state court to federal court in Ohio on the basis of diversity of citizenship.  See id.; 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").  In any event, Defendants, as the removing parties, have the burden of demonstrating that diversity jurisdiction exists and they have not done so.

In opposing remand to state court, Defendants argue that the Edge Act provides federal subject matter jurisdiction.  The Edge Act states:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

12 U.S.C. § 632.  The Edge Act provides federal subject matter jurisdiction when three elements are satisfied: 1) the suit is civil in nature; 2) at least one of the parties in interest is a corporation organized under the laws of the United States; and 3) the suit

arises out of a transaction involving international or foreign banking.  Sollitt v. KeyCorp, 463 Fed. Appx. 471, 473 (6th Cir. 2012).  The first two elements of Edge Act subject matter jurisdiction are present since this is a civil suit and JPMorgan is a national banking association.  The third element is not satisfied, however, because this suit to enforce the note and foreclose the mortgage patently does not involve an international or foreign banking transaction.

Defendants contend that this case involves an international or foreign banking transaction based on an extremely tenuous, and ultimately frivolous, syllogism. Defendants posit that this case involves an international or foreign banking transaction because JPMorgan has admitted (in another case not related to this one) that it packages mortgages into residential mortgage-backed securities ("RMBS's"), that Fannie Mae and Freddie Mac purchases RMBS's from JPMorgan, that Fannie Mae and Freddie Mac are government sponsored entities ("GSE's") that provide liquidity to the mortgage market, and that foreign governments, such as China, purchase the debt of GSE's.  In other words, Defendants essentially contend that this case involves an international or foreign banking transaction because China buys Fannie Mae and Freddie Mac bonds.

While the exact contours of federal subject matter jurisdiction under § 632 are still being established, with some arguing for an expansive view of jurisdiction and some for a narrow view of jurisdiction, in Sollitt, the Sixth Circuit squarely rejected the six degrees of separation theory of an international transaction advanced by Defendants:

> There are, to be sure, cases asserting that "a suit satisfies the jurisdictional requisites of Section 632 if any part of it arises out of transactions involving international or foreign banking." Pinto v. Bank One Corp., No. 02 Civ. 8477,

4

> 2003 WL 21297300 at *3 (S.D.N.Y. June 4, 2003) (emphasis added; editorial marks omitted) (quoting In re Lloyd's Am. Trust Fund Litig., 928 F. Supp. 333, 338 (S.D.N.Y.1996)).  We are reluctant to subscribe to such an inherently limitless view.  Suppose, for example, that Sollitt had tripped and fallen over a stack of carelessly placed printouts of foreign-currency transactions.  This meager association—ridiculous as it is—between the potential negligence claim and the foreign banking transaction that generated the printouts, would appear to suffice for Edge Act jurisdiction under so limitless a view. That cannot be correct.

463 Fed. Appx. at 473-74 (emphasis in original).  In Sollitt, the Court concluded that § 632 did not provide subject matter jurisdiction over the plaintiff's state law wrongful termination claim even though he alleged that he was fired in retaliation for reporting illegal activities in the bank's foreign currency exchange department.  Id. at 475.  The Court stated: "KeyCorp's firing of Sollitt was not an aspect of 'banking,' and therefore, Sollitt's claim of wrongful termination did not 'arise out of' a banking transaction, even though the entire episode arguably can be traced back to the PHC foreign currency transaction."  Id.

In this case, JPMorgan's foreclosure action's connection with a foreign or international banking transaction is even more remote and tenuous than the connection in Sollitt.  Sollitt at least involved allegations of wrongdoing in the bank's foreign currency department.  This case, however, is a routine state law foreclosure action.  The idea that because some residential mortgages get bundled into RMBS's by GSE's, whose debt in turn is sometimes purchased by foreign governments, a routine foreclosure transaction is transformed into an international banking transaction is so absurd that to restate the argument is to refute it.

Defendants also argue that JPMorgan waived any objection to removal of the case from state court by not objecting within 30 days of the notice of removal.  This

5

argument is obviously wrong for two reasons. First, JPMorgan did object to removal within 30 days. Defendant's notice of removal was docketed on November 19, 2012 and JPMorgan's motion to remand was filed on December 19, 2012. See Doc. Nos. 1 & 7. Second, the basis for JPMorgan's motion to remand is lack of subject matter jurisdiction. A motion to remand based on lack of subject matter jurisdiction can be made at any time before final judgment. See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendants also contend that the Court cannot "abstain" from exercising federal jurisdiction by remanding the case to state court because JPMorgan has claimed "legal relief," as opposed to "equitable relief" in the form of a money judgment. This argument is equally as meritless and frivolous as Defendants' other arguments. The type of relief sought by JPMorgan has no bearing on the Court's subject matter jurisdiction. The fact remains that JPMorgan's complaint does not assert any federal cause of action and Defendants have not established that diversity jurisdiction exists in this case. Consequently, the Court is without subject matter jurisdiction over this matter and the case must be remanded to state court.

JPMorgan also moves the Court for an award of its costs and attorney's fees incurred as a result of Defendants' improper removal of the case. Section 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In order

6

to award attorney's fees and costs pursuant to § 1447(c), the district court must find that "the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The Court finds that Defendants' removal of this case to federal court lacked an objectively reasonable basis. As already explained, Defendants' contention that the Edge Act provided federal subject matter jurisdiction was based on a theory absurd on its face. Defendants' other arguments in opposition to remanding the case to state court were equally meritless. Therefore, JPMorgan should be permitted to recover its reasonable attorney's fees and costs associated with securing a remand of the case to state court. Moreover, in this case, the Court's finding there was not an objectively reasonable basis to remove the case is tantamount to a finding under Rule 11(b)(2) that the removal of the case lacked a good faith basis in law. Under those circumstances, the Court believes that Defendants' trial counsel, and not Defendants' themselves, must be the party responsible for paying JPMorgan's attorney's fees and costs. See Fed. R. Civ. P. 11(c)(5) ("The court must not impose a monetary sanction . . . against a represented party for violating Rule 11(b)(2)[.]").

Conclusion

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion to remand is well-taken and is **GRANTED.**

2. This case is **REMANDED** to the Butler County, Ohio Court of Common Pleas.

3. Pursuant to 28 U.S.C. § 1447(c), Defendants' trial counsel shall pay Plaintiff's reasonable attorney's fees and costs incurred as result of the improper removal of the case.

4. Plaintiff shall submit its petition for attorney's fees and costs within thirty (30) days of the date of this order.

5. Defendant's trial counsel may file objections to the fee petition with fourteen (14) days of the filing of the petition.

6. Plaintiff may file a response to counsel's objections within seven (7) days of the filing of any objections, at which time briefing on the fee petition shall be closed.


Date January  25, 2013                                s/Sandra S. Beckwith
                                                      Sandra S. Beckwith
                                                      Senior United States District Judge